No. 19,614.

NOBLE HAGAR, *Appellee*, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS, *Appellant,* and SARAH S. HAGAR, *Appellee*.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*A. O. U. W.*—*Two Certificates to Same Member*—*Separate Beneficiaries*—*Each Can Not Recover Full Amount of Certificate*. A fraternal society issued to one of its members an insurance certificate for $2000, naming the plaintiff as beneficiary. Later, at the request of the member, it issued another certificate naming another beneficiary. On the death of the member the plaintiff sued to recover on the first certificate and impleaded the beneficiary under the second certificate. The second beneficiary answered and filed a cross-petition setting up the beneficiary certificate in her favor. The defendant society paid the sum of $2000 into court, admitting that it owed somebody that amount. The court gave judgment in favor of plaintiff for $2000, and judgment in favor of the cross-petitioner for $2000. An examination of the pleadings shows that both beneficiaries were claimants for the same fund and their issues were framed on that hypothesis, and it was error to award judgment on both certificates.

2. SAME—*Rival Claimants to Same Fund*—*Equitable Division*. When the conflicting rights and equities of two claimants to a fund render it impossible to give all the fund to one claimant without doing gross injustice to the other, the district court has power in the exercise of its sound discretion to make an equitable division between them.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed July 10, 1915. Reversed.

*Edgar Bennett,* of Washington, for the appellant.

*Wilbur S. Jenks,* of Ottawa, for appellee Noble Hagar.

*Clarence A. Crowley,* of Council Grove, for appellee Sarah S. Hagar.

The opinion of the court was delivered by

DAWSON, J.: This is a curious case arising from the efforts of two beneficiaries to collect insurance on the life of H. E. Hagar, who died on October 15, 1913. For many years Hagar had been a member of the Ancient Order of United Workmen, a fraternal insurance association, and held a beneficiary insurance certificate from that society for $2000. Originally the beneficiary named in the certificate had been Hagar's wife, but she died in 1907, whereupon Hagar entered into a contract with his grandnephew, Noble Hagar, by which the latter was to pay all assessments and dues in favor of the fraternal society chargeable against H. E. Hagar during his lifetime, in return for which the elder Hagar named Noble Hagar as his beneficiary, and a new beneficiary certificate to that effect was issued by the defendant association on October 7, 1907. It was also agreed between H. E. Hagar and Noble Hagar, that the granduncle would not change the beneficiary.

Some years later H. E. Hagar married Sarah S. Hagar; and thereafter, on January 25, 1913, he applied to the defendant for a new certificate naming Noble Hagar and Sarah S. Hagar as joint beneficiaries. The defendant demanded the return of the certificate issued in 1907, but Noble Hagar refused to surrender it, and the defendant was then fully advised of the contract between H. E. Hagar and Noble Hagar. However, the defendant, without a surrender of the earlier certificate, issued a new one naming Noble Hagar and Sarah S. Hagar as joint beneficiaries.

Still later, on August 11, 1913, H. E. Hagar applied for a new certificate naming Sarah S. Hagar as sole beneficiary; and the defendant, although well-advised of the contract between H. E. Hagar and Noble Hagar, granted this application and issued the certificate. Two months later H. E. Hagar died.

In due time Noble Hagar brought an action to recover on the policy dated in 1907 naming him as the sole beneficiary, setting up the pertinent facts and alleging payment by him of all the dues and assessments against H. E. Hagar until the death of the latter in October, 1913. Attached to plaintiff's petition were letters of H. E. Hagar dated in 1907, proposing

that the grandnephew should make the future payments on the beneficiary certificate, explaining what these dues and assessments were, and inviting the young man to visit him. In part, one of these letters reads:

"*Dear Nephew,* . . .:

.　.　.　.　.　.　.　.　.　.　.　.　.

"I am carrying $2000.00 in the Ancient Order of United Workmen and it is made out to my wife and I have paid on it a good many years and it is paid up until the first day of October. It costs $3.55 every month and 75 cents dues every quarter.

"My wife is dead and if you and Florence McDonald will pay out on it, or if one of you will pay the assessment, $3.55 every month and 75 cents a quarter, I will make the policy over to you and send policy to you. At my death you would draw the $2000.00. I am fixing my property so it or some part of it can be kept in the Hagar family, as I am aware I can not live many years and may be not many days—can not tell.

"If you decide you will take it, the better or the quicker it is fixed the better for all concerned. . . . I have my will made and now I wish to unload my insurance where it will do the most good. This is confidential."

### Again, H. E. Hagar wrote:

"*Dear Noble:*

"Got your letter this morning and went and made application to change the insurance to Noble Hagar, son of my nephew, Milo Hagar, and paid assessment $3.55 and 75 cents dues and 50 cents to get a new certificate to you so now, if I should die in fifteen minutes, you would draw your $2000.00 dollars in 90 days after death proof has been made out but you will get it less than 30 days after death proof goes in. You will see by the receipt who to send dues and assessments to and send money by the 15th of each month so to be sure it is here and send a stamp for your return of receipt. Am telling you so you will understand it for if you fail in not getting your money here I would be suspended and at my age could not be reinstated and you would lose the whole thing so send $3.55 by the 15th or before this month and each month hereafter as I paid for last month, or rather for this month for you. I have had several wanted me to make it out to them and they would pay out on it but I made up my mind to give it to you if you wanted it and I hope you will make good use of it. I am not well or would have come down and seen you all. I have $10,000.00 on interest so don't think I am hard up and quite a wad in the bank and my rents from my other keeps me and it is all clear and I don't owe a cent to no man so don't think I am suffering for want of funds or care, for I am not. I am telling you this so you will know I did not have to make the insurance over to you."

The proposition outlined in these letters and its acceptance

by the plaintiff, Noble Hagar, by the payments of the dues and assessments constituted the contract, and the defendant association was apprised of it long before it issued the certificate in August, 1913, naming Sarah S. Hagar as beneficiary. Indeed, the defendant knew the facts when it issued its certificate in January, 1913, naming both Noble and Sarah as joint beneficiaries.

The other appellee, Sarah S. Hagar, filed an answer and cross-petition setting up the beneficiary certificate made in her favor and demanded judgment thereon.

Both the plaintiff and cross-petitioner, in their pleadings, recognized that the main issue was between them as rival claimants to the same fund. The answer of the defendant admitted that it had issued the beneficiary certificate to H. E. Hagar and that it issued a new certificate to H. E. Hagar, payable to Sarah S. Hagar in August, 1913; and defendant tendered and paid into court the sum of $2000 and prayed that the court determine to whom the money should be paid and that it might be dismissed.

The court gave judgment in favor of the plaintiff, Noble Hagar, for $2000, and likewise gave judgment in favor of the cross-petitioner, Sarah S. Hagar, for $2000. In other words, it gave judgment on both beneficiary certificates.

From this judgment the defendant association appeals. Counsel for Noble Hagar direct our attention that no transcript of the testimony was filed by the appellant, and the clerk of the district court, in response to our call for the transcript, advises us to the same effect. We are therefore limited in our review to the pleadings, the findings of fact, the conclusions of law, and the judgment as made by the district court.

But the result appears to be wrong. It is apparent that the defendant never intended to issue two separate and independent beneficiary certificates. An examination of the pleadings of plaintiff and cross-petitioner shows that they recognized each other as rival claimants for the same fund, and their issues were joined to determine their conflicting claims. Neither expected that both could recover. The district court should have determined which certificate was valid and which was invalid. In this respect the district court has not finished its

work.  If there are such equities on both sides that a judgment for one of the claimants will do gross injustice to the other, the court has power in the exercise of a sound discretion to make an equitable division of the fund between the rival claimants.

The case is reversed with instructions to determine which appellee is entitled to the $2000, and if the rights and equities can not be otherwise settled, the district court should make an equitable division between them.  As the defendant has paid the money into court it should be given its costs and dismissed.  It is so ordered.